FILED
SUPERIOR COURT
OF GUAM

2022 DEC 22 PH 5: 01

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0653-21** |
| | GPD Report Nos. 21-31977 / 21-32074 |
| **v.** | |
| | **DECISION AND ORDER** |
| **GAVIN DOMINGO ALIMURONG,** | **DENYING DEFENDANT'S MOTION** |
| DOB: 05/24/1998 | **TO SUPPRESS** |
| **Defendant.** | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 12, 2022 for hearing on Defendant Gavin Domingo Alimurong's ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Katherine Nepton represents The People of Guam ("the People"), and Attorney William Brennan represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant stands indicted on *Charge One* (*Two Counts*): Family Violence (as a 3rd Degree Felony) with *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony, *Charge Two*: Possession of an Unregistered Firearm (as a 3rd Degree Felony), *Charge Three*: Possession of a Firearm Without a Firearms Identification Card (as a 3rd Degree Felony), *Charge Four*: Family Violence (as a Misdemeanor), and *Charge Five*: Assault on an Unborn Child (as a Misdemeanor). See Indictment (Dec. 30, 2021).

These charges stem from the evening of December 21, 2021 when the Guam Police Department ("GPD") responded to an assault complaint by Audree Amuan ("Victim"). See

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 1 of 6

Magistrate's Complaint (Dec. 23, 2021). The Superior Court then authorized a warrant and GPD searched for the Defendant at his home the following morning. See Memorandum of Points & Authorities in Support of Motion at 2 (Sep. 16, 2022). GPD was not able to find or arrest Defendant at that time. Id. at 2.

Later on in the early-evening of December 22, 2021, GPD returned to Defendant's residence to conduct a welfare check following a report that the door to Defendant's residence had been left open for most of the day. Id. at 2. At this time, GPD encountered Defendant and arrested him in response to the assault complaint. Id. at 2. GPD Officer Pangelinan then read Defendant his Miranda rights, after which Defendant made incriminating statements. Id. at 2. Defendant also voluntarily offered GPD to search his vehicle, where GPD subsequently found a firearm. See Magistrate's Complaint (Dec. 23, 2021).

Defendant now moves to suppress such statements and evidence as having been procured in violation of his Fourth and Fifth Amendment rights. See Motion (Sep. 16, 2022). Defendant claims his Fourth Amendment rights were violated because the People failed to provide a valid warrant or applicable warrant exception justifying either GPD's return to Defendant's home in the early-evening of December 22, 2021, or GPD's arrest of Defendant. See Memorandum of Points & Authorities in Support of Motion at 3 (Sep. 16, 2022). Defendant claims his Fifth Amendment rights were violated because GPD subjected him to a custodial interrogation despite Defendant's refusal to waive his *Miranda* rights. Id. at 4-6.

In their Response to Defendant's Motion ("Response"), The People argued GPD officers were justified when returning to Defendant's home and confronting him in the early-evening of December 22, 2021 because they reasonably believed he was connected to criminal activity. See Response at 1-3 (Oct. 3, 2022). The People further argued that Defendant's arrest was justified under a "probable cause" standard and that Defendant voluntarily waived his Fourth and Fifth Amendment rights. Id. at 3-4.

The Court held a hearing on October 12, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page **2** of **6**

## DISCUSSION

**I. The Defendant's Fourth Amendment rights were not violated because neither his person nor his property was subject to unreasonable searches/seizures.**

**a. Legal Standard:**

The Fourth Amendment protects individuals from unreasonable searches and seizures. See U.S. Const. Amend. IV. This includes protection from unreasonable searches/seizures of one's own person. See *Terry v. Ohio*, 293 U.S. 1, 9 (1968). Any evidence obtained in violation of a defendant's Fourth Amendment rights shall be excluded. Id. at 12-13.

The touchstone of Fourth Amendment analysis is "the reasonableness in all the circumstances of the particular government invasion of a citizen's personal security." See *People v. Chargualaf*, 2001 Guam ¶ 14 (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 108-109 (1977)).

**b. GPD's return to Defendant's house in the early-evening of December 22, 2021 and their initial confrontation with Defendant did not violate Defendant's Fourth Amendment rights because GPD had reason to believe Defendant was connected to criminal activity.**

The brief seizure of a person is deemed reasonable "upon suspicion that the person may be connected with criminal activity." See *Terry* at 10 (1968).

Officer Pangelinan's report indicates that GPD officers returned to Defendant's house to conduct a welfare check after receiving news that Defendant's front door had been left open for several hours. Having reason to believe that a crime or medical emergency had occurred, GPD did not violate Defendant's Fourth Amendment rights when they briefly confronted Defendant after finding him on scene at the house.

**c. Defendant's arrest did not violate his Fourth Amendment rights because arresting officers had probable cause to believe Defendant committed a crime.**

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 3 of 6

Formal arrests and full searches of a person are deemed reasonable upon "probable cause to believe that the suspect has committed a crime." Id. at 10.

Officer Pangelinan's report indicates that he recognized Defendant's name as a suspect in the assault/family violence case. Officer Pangelinan therefore had probable cause to believe that Defendant committed a crime, and did not violate Defendant's Fourth Amendment rights when he arrested Defendant.

**d. GPD's search of Defendant's vehicle did not violate Defendant's Fourth Amendment Rights because Defendant consented to the search.**

Searches are reasonable if conducted pursuant to valid warrants or under an exception to the warrant requirement. See *Chargualaf* at ¶ 14. "Voluntary consent is a recognized exception to the warrant requirement." Id. at ¶ 14 (2001).

Here, GPD Report No. 21-31977 reveals that Defendant voluntarily offered for GPD to search his vehicle. See Magistrate's Complaint (Dec. 23, 2021). The search was therefore reasonable and did not violate Defendant's Fourth Amendment Rights. Evidence obtained from the vehicle search, including evidence of the firearm is therefore admissible into trial.

**II. The Defendant's Fifth Amendment rights were not violated because Defendant allegedly waived his right against self-incrimination.**

**a. Legal Standard:**

The Fifth Amendment provides for the right against self-incrimination in criminal cases. See U.S. Const. Amend. IV. One's Fifth Amendment right applies both inside and "outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves." See *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

In order to combat pressures to speak and potentially incriminate oneself during custodial interrogations, individuals "must be adequately and effectively apprised" of their right against self-incrimination. Id. at 467. This is done via the

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 4 of 6

issuing of *Miranda* rights, where an individual is informed of their "right to remain silent", that "anything said can and will be used against the individual in court", and of their "right to have counsel present at the interrogation." Id. at 467-471.

If an individual is subject to a custodial interrogation without having been informed of and waiving their *Miranda* rights, any statements made during the interrogation are not admissible during trial. See *Stansbury v. California*, 511 U.S. 318, 322 (1994).

b. **Defendant was subject to a custodial interrogation, but his statements are admissible because they supposedly follow a waiver of his Fifth Amendment rights.**

Defendant found himself in a custodial interrogation once GPD arrested him and started asking him questions. See *Miranda* at 444 (1966). Defendant's statements must therefore follow a reading of and waiver of his *Miranda* rights before their admission into a trial.

However, Officer Pangelinan's report indicates that Defendant was advised of and waived his Fifth Amendment rights before making the incriminating statements. Defendant thus waived his *Miranda* rights and the incriminating statements are admissible into a trial.

Defendant claims he refused to waive his *Miranda* rights and that Officer Pangelinan created false statements attributable to the Defendant. See Memorandum of Points & Authorities in Support of Motion at 5-6 (Sep. 16, 2022). However, this creates a factual issue for a jury (rather than a judge) to decide. A jury can decide whether to believe Officer Pangelinan's story or that of the Defendant's. The Defendant's request for an evidentiary hearing to determine whether he actually waived these rights is therefore denied.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion and his request for an Evidentiary Hearing. Defendant's Fourth and Fifth Amendment rights were not violated.

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page **5** of 6

Therefore, evidence obtained following GPD's initial interaction with Defendant, GPD's arrest of Defendant, and GPD's search of Defendant's vehicle are admissible into a trial.

**IT IS SO ORDERED** this _____ DEC 2 2 2022 _____.

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Suppress
CF0653-21, *People of Guam v. Gavin Domingo Alimurong*
Page 6 of 6